Withers, J.
delivered the opinion of the Court.
The cause of action was a promissory note in perfect legal form, whereby the defendant promised to pay, by a time specified, a sum certain, with interest from date. The question is presented, whether it is competent for the defendant to prove, in discharge of his undertaking, that it was verbally agreed when the note was executed, or before, (not subse *124 quently) that it should be regarded as a memorandum, not an absolute promise, and have the legal effect arising from its terms only upon the happening of a contingency, to wit, when the defendant might collect two notes placed in his hands by the plaintiff. To use equivalent terms — the proposition in behalf of defendant is, that he has a legal light to establish, by proof of a cotemporaneous or antecedent verbal agreement, that his note of hand was not in reality such, but merely an accountable receipt. It must be observed that the evidence is not offered to prove a mistake' — nor to explain an ambiguity — nor to give interpretation to an imperfect instrument — nor to show fraud or an illegal consideration. But the object is to show, that although the defendant has, in writing, promised to pay money at a particular time, yet the understanding was, that he should become only an agent to collect, and pay only when he might collect, other demands. The general rule upon this whole subject is not a matter of doubt, but like all general rules that are the more clear by reason of their generality, there is often, on that very account, not a little difficulty in applying them to individual cases. If, however, any obscurity does surround the present case, it can arise only in tracing the line that separates that class of causes in which a defendant may enquire into the consideration of the contract, from that class in which the colloquium, or conversation between the parties cotemporaneous, or on the same occasion, shall be considered as merged in the written contract; and then determining on which side of the line the case before us shall be placed. For the defendant it is insisted that his evidence is but the medium of inquiry into the consideration of the note. Such enquiry he has undoubtedly a right to make, but only to show that it has failed, in whole or in part, or is illegal, or exhibits a fraud on the part of the plaintiff. Now not one of these ends is alleged to be in view. At the date of the note the consideration was as well known to the defendant as to the plaintiff. It is not pretended that there was no consideration, thus rendering the contract nudum factum, or that the consideration was not as valid and valuable at the time of the trial as at the date of the contract. Nor is it pretended that the plaintiff made any warranty or deceptive representation in relation to the consideration of the note. We cannot perceive in this case any thing short of an effort not merely to attach to a written contract something additional to that which is stipulated, but to change, by objectionable testimony, the whole form and legal effect of a note of hand: to show that, according to the understanding of the parties, a wholly different *125 contract was made; that notwithstanding the defendant promised, in terms, to pay out of his own pocket so much money to the plaintiff, still he seeks to prove that he did not so promise, but only undertook to collect, if he could, two notes for the plaintiff. Surely this would contradict, in' a manner the most palpable, the terms of a written agreement, and for no one of those purposes (herein before indicated) which is recognized as permitting such defence. It cannot be necessary to cite cases for the doctrine that if the instrument be an absolute engagement to pay, at a specified period, or upon demand, oral testimony that the time should be prolonged, or depend upon a contingency, or pa}n.nent be made out of a particular fund, cannot be received. A fortiori, it should not be received to show that such absolute agreement was only a memorandum — that_ the party, though maker of a note for value received, was not to pay at all, except in the character of collecting agent. It is supposed to be quite unnecessary to review our own cases on this subject. Numerous as they are, no one has yet been consulted which would authorize the defence urged on the present occasion. But it may be remarked that the Circuit decision could not well stand with the case of Harris v. Caston, 2 Bailey, 342. In that case the defendant gave his note for a horse, upon which, as he was fully informed, there existed the lien of executions. It was in evidence that after the bargain was made, and before the delivery of the note, the plaintiff said, “ Well, take the horse, and do the best you can with him, and if you lose by trading him, I will make you safe; you shall not lose any thing by him.” The defendant, in disposing of the horse, lost $30, and sought to avail himself of it as a discount, on the foundation of the above oral agreement. It was affirmed, by the whole Court, that the effect of the evidence would be to make the defendant a mere agent to sell, instead of an absolute purchaser; or at any rate, to make a note conditional which was absolute on its face, and if made before the delivery of the note, it would operate to contradict it — if after, it would be nudum pactum. It is not peiceived how Hines occupies a better position than Caston did.
A new trial is ordered.-.
RichardsoN, J. O’Neall, J. EvaNS, J. and Frost, J. concurred.

New trial ordered.